**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK J. DOHENY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-1744 |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF | ) | Judge Cathy Bissoon |
| PENNSYLVANIA, DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| BUREAU OF DRIVER LICENSING, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.      MEMORANDUM**

Pending before the Court is Plaintiff Patrick J. Doheny, Jr.'s ("Plaintiff")'s Motion for

Reconsideration of the Court's April 6, 2017 Order Dismissing the Case (**Doc. 26**).  For the

reasons that follow, Plaintiff's Motion will be GRANTED IN PART AND DENIED IN PART.

**A.  ANALYSIS**

A proper motion for reconsideration "must rely on one of three grounds:  (1) an

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct clear error of law or prevent manifest injustice."  Lazaridis v. Wehmer, 591 F.3d 666,

669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d

Cir. 1995)).  In his Motion for Reconsideration, Plaintiff relies on the third basis, arguing that the

Court committed numerous errors of law in its April 6, 2017 Memorandum and Order.  For the

reasons that follow, Plaintiff's motion will be granted in part and denied in part.

1. **Plaintiff's Objection to the Court's Dismissal of Count I based on Eleventh Amendment Immunity**

Plaintiff first argues that the Court improperly invoked the Eleventh Amendment when it dismissed Count I of the Amended Complaint, as Defendants waived Eleventh Amendment immunity by removing the case to federal court. In Count I, Plaintiff seeks a declaratory judgment against PENNDOT and Defendant Templeton, in her official capacity, stating that the July 3, 2013 Suspension Notice he received violated state law at the time it was issued, and thus was null and void. (See Doc. 12 at ¶ 324 ("As of July 3, 2013, the date on which PENNDOT issued the Suspension Notices to Plaintiff (Exhibits "1" and "2"), both the General Assembly's amendments to Pennsylvania's Vehicle Code in 2003 (Act. No. 24, Senate Bill No. 8 (2003 Pa. Laws 24)) and the Commonwealth Court's controlling decision in Zimmerman v. Commonwealth, Dep't of Transp., 759 A.2d 953 (Pa. Commw. 2000) required that any driver's license suspensions issued to licensees on the basis of AA-DUI and DUI convictions arising out of the same motor vehicle accident merge into a single one-year suspension.")). In its April 6, 2017 Memorandum and Order, the Court found that the Eleventh Amendment barred its consideration of Count I pursuant to the reasoning in Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). There, the Supreme Court explained:

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

Id. at 106.

In his Motion for Reconsideration, Plaintiff concedes that, if he were to file this lawsuit

2

directly in federal court (rather than in state court), the Eleventh Amendment would bar the Court's consideration of Count I pursuant to the <u>Pennhurst</u> doctrine. Nevertheless, Plaintiff argues that Defendants waived their right to Eleventh Amendment immunity by removing this case to federal court, citing to the Third Circuit's decision in <u>Lombardo v. Pa. Dept. of Public Welfare</u>, 540 F.3d 190 (3d Cir. 2008). The Court agrees that <u>Lombardo</u> held that, in general, a state defendant's removal of an action waives its Eleventh Amendment immunity from suit in a federal forum. The Court notes, however, that, here, Defendants have not unequivocally waived their Eleventh Amendment immunity defense. Rather, in their Notice of Removal, Defendants specifically stated that "this Court has original jurisdiction <u>over plaintiff's federal claims</u> pursuant to 28 U.S.C. § 1331 and §1343." (Doc. 1 ¶ 4) (emphasis added). Defendants further stated: "In removing this action, these defendants do not waive their objections to defects in service or improper service, or any defenses, including without limitation, <u>defenses available by virtue of the Eleventh Amendment to the United States Constitution</u> or under the Pennsylvania Sovereign Immunity Act." (<u>Id</u>. ¶ 7) (emphasis added).

However, even assuming that <u>Lombardo</u>'s holding applies under these circumstances, and that Defendants have waived Eleventh Amendment immunity, the Court would still decline to exercise supplemental jurisdiction over Count I. As the Supreme Court has held, even where a "State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity . . . , the District Court may well find that this case, now raising only state-law issues, should nonetheless be remanded to the state courts for determination." <u>Lapides v. Bd. of Regents of Univ. Sys. of Georgia</u>, 535 U.S. 613, 624 (2002) (citing 28 U.S.C. § 1367(c)(3)). Given that Count I is grounded entirely in state law and that the Court has

dismissed with prejudice all federal claims in the Amended Complaint, and in light of the principles of comity and federalism underlying Pennhurst, the Court will decline to exercise supplemental jurisdiction over Count I. 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction"). Consequently, the Court will remand Count I to state court. Webb v. City of Philadelphia, 1999 WL 793466, at *10 (E.D. Pa. Oct. 6, 1999), aff'd, 275 F.3d 40 (3d Cir. 2001) ("If all claims over which a district court has subject matter jurisdiction are dismissed after proper removal from state court, the district court has discretion to either remand the remaining pendent state law claims or dismiss those claims.").

## 2. **Plaintiff's Objections to the Dismissal of the Remaining Claims**

Plaintiff's challenges to the Court's dismissal of his remaining claims are simply a re-hash of his prior filings. Although Plaintiff disagrees with the Court's interpretation and application of the law, he has not established that the Court committed a clear error of law or that reconsideration is necessary to prevent manifest injustice. Accordingly, there is no basis to reconsider the dismissal of these claims, and Plaintiff's motion with regard to these claims is denied.

## II. ORDER

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 26) is GRANTED IN PART AND DENIED IN PART. The Court will amend its April 6, 2017 Memorandum and Order as follows: rather than dismissing Count I on Eleventh Amendment immunity grounds, the Court declines to exercise supplemental jurisdiction over Count I and remands Count I to the Court of Common Pleas of Allegheny County. A judgment order

pursuant to Federal Rule of Civil Procedure 58 will follow.


        IT IS SO ORDERED.



April 26, 2017                                                 s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge



cc (via ECF email notification):

All Counsel of Record